UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RADIUS BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0591-B |
| | § | |
| STAFFORD TRANSPORT OF | § | |
| LOUISIANA, INC. d/b/a CUSTOM | § | |
| ECOLOGY, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Stafford Transport of Louisiana, Inc., d/b/a Custom Ecology Inc. (CEI)'s Emergency Motion for a Stay Pending Appeal and to Require Plaintiff to Post a Bond (Doc. 44). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** CEI's motion. Specifically, the Court **DENIES** CEI's request to stay, but **GRANTS** its request for Plaintiff Radius Bank to post a bond, but in the amount of $250,000.

## I.

## BACKGROUND

The Court incorporates the facts as described in the Court's Memorandum Opinion and Order granting in part Radius's Motion for Preliminary Injunction. *See* Doc. 40, Mem. Op. & Order, 1–5.

A.    *The Court's Granting of Radius's Motion for Preliminary Injunction*

At a hearing held on June 5, 2020, the Court granted Radius's Motion for Preliminary Injunction. *See id.* at 1. In its Order explaining the reasoning for this decision, the Court ordered

that:

> CEI shall immediately: (1) desist and refrain from using or operating any of the Leased Trailers in its business or otherwise; (2) transport, move, return, store, and/or maintain the Leased Trailers to/at a location or locations designated by Radius and/or ordered by the Court; and (3) assemble and maintain the Leased Trailers Documentation and immediately provide copies of same to Radius.

*Id.* The Court ordered that the parties submit within one week of the Order: "(1) the designated location(s) for storage of the trailers; (2) the date on which the trailers shall be moved to the location(s); and (3) the date on which the Leased Trailers Documentation will be sent to Radius." *Id.* at 15–16.

However, four days after the Court's Order, on June 16, 2020, CEI filed the instant motion. *See* Doc. 44, Def.'s Mot. CEI requests that the Court stay its Order pending CEI's appeal of the Court's Order to the Fifth Circuit and to require Radius to post a bond. *Id.* at 1. That same day, CEI filed its appeal. *See* Doc. 43, Notice of Interlocutory Appeal. The Court ordered expedited briefing on CEI's motion the next day. *See* Doc. 45, Electronic Order. All briefing has been filed, and the motion is ripe for review.

## II.

## LEGAL STANDARD

Under Federal Rule of Appellate Procedure 8, a party may move for "a stay of the judgment or order of a district court pending appeal[,]" or "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(A) & (C). In evaluating a motion to stay, the Court considers: "(1) whether [the movant] has made a showing of likelihood of success on the merits; (2) whether [the movant] has made a showing of irreparable injury if the stay is not granted; (3) whether the stay would substantially harm [the non-movant]; and (4)

whether the stay would serve the public interest." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 264 F. Supp. 2d 484, 487 (S.D. Tex. 2002) (citing *Coastal States Gas Corp. v. Dep't of Energy*, 609 F.2d 736, 737 (5th Cir. 1979) (per curiam)).

Thus, the tests are "typically" the same for a consideration of a stay, and a preliminary injunction. *See In re Deepwater Horizon*, 732 F.3d 326, 345 (5th Cir. 2013) (footnote omitted). In determining whether to grant a stay of an injunction, "[t]he first two factors 'are the most critical.'" *Texas v. United States*, 2016 WL 7852330, at *1 (N.D. Tex. Nov. 20, 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Yet, "'[a] stay is not a matter of right, even if irreparable injury might otherwise result,' and the propriety of issuing a stay depends on the circumstances of the particular case." *Id.* (quoting *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013)). It is within the trial court's discretion whether grant a stay pending appeal. *Id.* (citing *Nken*, 556 U.S. at 433).

### III.

### ANALYSIS

The Court finds that CEI has not met its burden in demonstrating that a stay is appropriate in this case. Nonetheless, the Court orders that Radius post a bond in the amount of $250,000.

A.    *The Motion to Stay is Denied.*

1.    <u>Likelihood of success on the merits</u>

CEI's Motion to Stay reads more like a motion for reconsideration of the Court's Order granting Radius's injunction. CEI argues it is likely to succeed on the merits of its appeal for four reasons: (1) "this Court erred by issuing a mandatory injunction that does not preserve the status

quo"; (2) "the two cases that the Court relies on to show that this injunction is 'similar to' the ones issued by those courts . . . are easily distinguishable"; (3) "the Court erred by issuing an injunction purporting to 'freeze' the 'state of the trailers' based on the 'depreciation and wear-and-tear that would occur if CEI were to continue use of the trailers"; and (4) "the Court erred when it concluded that CEI 'would be unlikely to pay any post-trial monetary judgment.'" Doc. 44, Def.'s Mot., 14–18.

The Court is not convinced by these arguments, and incorporates its analysis from its original Order. *See* Doc. 40, Mem. Op. & Order, 7–15. Additionally, the Court makes two notes. First, CEI believes that there is inconsistency between this Court's temporary restraining order (TRO) and preliminary injunction order, in that the Court most recently found that Radius's sought-after relief is not affirmative in nature. Doc. 44, Def.'s Mot., 14. The Court's answer to this is simple: after presented with additional argument and evidence that was not available at the TRO stage, the Court found that Radius's granted relief maintains the status quo, such as by preserving the current state of the Leased Trailers and the amount that CEI owes to Radius.

Second, speaking of the Leased Trailers, CEI characterizes this Court's Order as relying on the future depreciation of the Leased Trailers in finding irreparable harm. *Id.* at 17. CEI believes this reliance was improper. *Id.* But that is not a proper interpretation of the Court's Order. Although depreciation was a factor that motivated the Court, see Doc. 40, Mem. Op. & Order, 11, the Court also said, more generally, "that CEI would be unlikely to pay any post-trial monetary judgment," and for that reason, Radius would suffer irreparable harm. *Id.* The Court's finding that CEI would be unlikely to pay a post-trial monetary judgment—a conclusion the Court incorporates today—was the underlying reason for the Court's finding of irreparable harm, not the depreciation of the Leased Trailers.

Thus, CEI has not shown a likelihood of success on the merits of its appeal.

2.     Irreparable harm

CEI claims it will suffer irreparable harm—in the tune of $1.8 million by the time of trial in four months—if the stay is not granted. Doc. 44, Def.'s Mot., 11, 21. As part of this calculation, CEI explains that it would lose $55,000 a day if it is enjoined from using the Leased Trailers, and that moving the Leased Trailers would cost $125,000 to $150,000. *Id.*

The Court does not find that this evidence—contained in two declarations, see Doc. 44-1, Decl., and Doc. 44-2, Decl.—as warranting a stay. Specifically, CEI did not bring this evidence to the Court's attention at the TRO stage or the preliminary injunction stage. specific evidence of its potential harm in its first two opportunities to do so—when the Court was considering Radius's TRO and preliminary injunction motions. Considering that this is CEI's last chance to stop an injunction at the district court-level, the Court finds such evidence suspiciously self-serving.

Moreover, as the Court will explain below, the Court is requiring Radius to post a $250,000 bond, which—if the Court's injunctive order is vacated or reversed—would do more than mitigate the cost of moving the trailers.

For those reasons, the Court does not that CEI would be irreparably harmed if its motion to stay were not granted. Even if the Court did, however, "[a] stay 'is not a matter of right, even if irreparable injury might otherwise result,' and the propriety of issuing a stay depends on the circumstances of the particular case." *Texas*, 2016 WL 7852330, at *1 (quoting *Planned Parenthood*, 734 F.3d at 410).

3.     Harm to Radius and the public interest

Although the harm to the non-movant and the public interest are not as important as the

first two factors in considering a stay, see *id.*, the Court also concludes that these factors do not favor a stay.

First, the Court incorporates its discussion from its previous Order as to why the harm to CEI does not outweigh that to Radius. *See* Doc. 44, Mem. Op. & Order, 12–14.

Additionally, the Court also incorporates its public interest analysis. The Court explained that while enforcing contracts is in the public interest, "to excuse breaches of bargained-for agreements under the guise that such breaches might be able to be cured at an unspecified future date through unspecified means" is not. *Id.* at 14–15 (citation omitted). CEI argues that the Court's injunction would have a serious impact on CEI's customers and communities, in that it picks up about 6,500 tons of trash every day with the Leased Trailers. Doc. 44, Def.'s Mot., 13. Again, CEI brings this information to the attention of the Court for the first time, using a self-serving affidavit. *See id.* (citing Doc. 44-1, Decl., ¶¶ 5–6). The Court does not find that this information warrants a stay at this time.

Therefore, the Court finds that there is harm to Radius if the Court grants a stay, and that the public interest favors denying a stay.

B.    *Radius Must Post a Bond.*

CEI also requests that the Court direct Radius to post a bond of at least $1.8 million, which it estimates would be its damages when considering "the cost to transport the trailers, loss of revenue, violation of contractual obligations, and the impact on CEI employees . . . ." *Id.* at 21. Radius argues that the Court did not abuse its discretion when it failed to require it to post a bond. Doc. 47, Pl.'s Resp., 13.

"The court may issue a preliminary injunction . . . only if the movant gives security in an

amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined . . . ." Fed. R. Civ. P. 65(c). On further review, the Court deems a bond of $250,000 appropriate. This is $100,000 more than the estimated cost of moving the trailers. *See* Doc. 44, Def.'s Mot., 11. The Court does not believe a bond of $1.8 million is appropriate, in light of the fact that this is the first time CEI brings concrete evidence of its damages. However, the Court disagrees with Radius that no bond is appropriate, in light of the potential impact the injunctive relief may have on CEI's business.

IV.

CONCLUSION

For the foregoing reasons, CEI's motion (Doc. 44) is **GRANTED IN PART** and **DENIED IN PART**. The Court declines to stay its injunctive relief pending CEI's appeal, but **ORDERS** Radius to post a bond in the amount of $250,000 within **ONE WEEK** of the docketing of this Order. Additionally, the parties have **ONE WEEK** from the docketing of this Order to comply with this Court's Order partially granting Radius's Motion for Preliminary Injunction. *See* Doc. 40, Mem. Op. & Order, 15–16 (ordering the parties to submit: "(1) the designated location(s) for storage of the trailers; (2) the date on which the trailers shall be moved to the location(s); and (3) the date on which the Leased Trailers Documentation will be sent to Radius").

SO ORDERED.

SIGNED: June 25, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE